FILED
Superior Court of California
County of Los Angeles
02/05/2021
Sherri R. Carter, Executive Officer / Clerk of Court
By: H. Kwon, Deputy

1  MONICA J. BURNEIKIS, SBN 239860
2  BURNEIKIS LAW
3  66 Franklin Street, Third Floor
   Oakland, California 94607
4  Telephone: (510) 328-3238
   Facsimile: (510) 488-4223
5  E-mail: monica@burneikislaw.com

6  Attorney for Plaintiffs
   ARIAN JONAH CHAVIRA, by and
7  through his Guardian ad Litem,
   ANNEL CHAVIRA; ANNEL CHAVIRA;
8  ANTHONY CHAVIRA

9              SUPERIOR COURT OF CALIFORNIA

10                 COUNTY OF LOS ANGELES

11                  UNLIMITED JURISDICTION

12  ARIAN JONAH CHAVIRA, a minor, by        CASE NO.: 21STCV01440
13  and through his biological mother and
    Guardian ad Litem, ANNEL CHAVIRA;        PLAINTIFFS' FIRST AMENDED
14  ANNEL CHAVIRA, an individual;            COMPLAINT FOR PERSONAL INJURIES -
    ANTHONY CHAVIRA, an individual,          PREMISES LIABILITY, GENERAL
15                                           NEGLIGENCE, NEGLIGENCE PER SE
                Plaintiffs,                  AND NEGLIGENT INFLICTION OF
16                                           EMOTIONAL DISTRESS
         v.
17                                           DEMAND FOR JURY TRIAL
    SAN DIEGO FAMILY HOUSING, LLC;
18  LINCOLN MILITARY PROPERTY
    MANAGEMENT, L.P.; LINCOLN
19  PROPERTY COMPANY, dba, TEXAS
    LINCOLN PROPERTY COMPANY; and
20  DOES 1 to 100,

21              Defendants.

22       Plaintiffs, ARIAN JONAH CHAVIRA, a minor, by and through his biological
23  mother and Guardian ad Litem, ANNEL CHAVIRA; ANNEL CHAVIRA; and ANTHONY
24  CHAVIRA, bring this action against Defendants SAN DIEGO FAMILY HOUSING, LLC, a
25  California Limited Liability Company; LINCOLN MILITARY PROPERTY MANAGEMENT,
26  L.P., a Delaware Limited Partnership; LINCOLN PROPERTY COMPANY, dba, TEXAS
27  LINCOLN PROPERTY COMPANY, a Texas Corporation; and DOES 1 to 100, and allege

-1-

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES -
PREMISES LIABILITY, GENERAL NEGLIGENCE, NEGLIGENCE PER SE
AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

as follows:

## JURISDICTION AND VENUE

1. At all times mentioned in this complaint, Plaintiff, ARIAN JONAH CHAVIRA, was and is, at all times relevant to this complaint, a minor, born July 8, 2015, residing in Camarillo, Ventura County, California.

2. An Application and Order for Appointment of Guardian Ad Litem – Civil has been submitted and approved by Judge Serena R. Murillo, Superior Court Judge, Los Angeles County Superior Court. ANNEL CHAVIRA, the biological mother of ARIAN JONAH CHAVIRA, has been appointed the Guardian Ad Litem of Plaintiff ARIAN JONAH CHAVIRA for purposes of this action.

3. Plaintiff ANNEL CHAVIRA was and is, at all times relevant to this complaint, an individual, residing in Camarillo, Ventura County, California. Plaintiff ANNEL CHAVIRA is the biological mother of ARIAN JONAH CHAVIRA.

4. Plaintiff ANTHONY CHAVIRA was and is, at all times relevant to this complaint, an individual residing in Camarillo, Ventura County, California. Plaintiff ANTHONY CHAVIRA is the biological father of ARIAN JONAH CHAVIRA.

5. Defendant, SAN DIEGO FAMILY HOUSING, L.L.C., is now, and at all times mentioned in this complaint was, a Limited Liability Company organized and existing under the laws of the State of California, with its principal executive offices located in Dallas, Texas, and its principal domestic place of business located at 818 W. 17th Street, Los Angeles, Los Angeles County, California. Defendant, SAN DIEGO FAMILY HOUSING, L.L.C., is now, and at all times mentioned in this complaint was, the owner of certain real property located at 988A Calle La Cumbre, Camarillo, California 93010, located in the state of California, county of Ventura.

6. Defendant, LINCOLN MILITARY PROPERTY MANAGEMENT, L.P., is now, and at all times mentioned in this complaint was, a Limited Partnership organized and existing under the laws of the State of Delaware, with its principal place of business in

-2-

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES – PREMISES LIABILITY, GENERAL NEGLIGENCE, NEGLIGENCE PER SE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1  Dallas, Texas. Defendant, LINCOLN MILITARY PROPERTY MANAGEMENT, L.P., is now,
2  and at all times mentioned in this complaint was, engaged in, among other things, the
3  management of various real properties, including the real property located at 988A
4  Calle La Cumbre, Camarillo, California 93010, located in the state of California, county
5  of Ventura.
6      7.    Defendant, LINCOLN PROPERTY COMPANY, dba, TEXAS LINCOLN
7  PROPERTY COMPANY, is now, and at all times mentioned in this complaint was, a
8  Corporation organized and existing under the laws of the State of Texas, with its
9  principal place of business in Dallas, Texas. Defendant, LINCOLN PROPERTY
10 COMPANY, dba, TEXAS LINCOLN PROPERTY COMPANY is now, and at all times
11 mentioned in this complaint was, engaged in, among other things, the business of
12 building, operating and overseeing leading residential communities all over the globe,
13 including, but not limited to, the real property located at 988A Calle La Cumbre,
14 Camarillo, California 93010, located in the state of California, county of Ventura.
15     8.    Defendant, LINCOLN MILITARY PROPERTY MANAGEMENT, L.P., is now,
16 and at all times mentioned in this complaint was, a subsidiary of, or otherwise affiliated
17 with, Defendant LINCOLN PROPERTY COMPANY, dba, TEXAS LINCOLN PROPERTY
18 COMPANY.
19     9.    Plaintiffs are unaware of the true names and capacities of the remaining
20 defendants sued in this action by the fictitious names DOES 1 through 100. Plaintiffs
21 will amend this complaint when those names and/or capacities become known to
22 Plaintiffs. Plaintiffs are informed and believes that each of the fictitiously named
23 defendants is in some manner responsible for the events and allegations set forth
24 in this complaint.
25     10.    Plaintiffs are informed and believes, and on the basis of that information
26 and belief alleges that, at all times mentioned in this Complaint, Defendants, and each
27 of them, including DOES 1 through 100, were the agents, servants, employees,
28

BURNEIKIS LAW

-3-

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES -
PREMISES LIABILITY, GENERAL NEGLIGENCE, NEGLIGENCE PER SE
AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1  independent contractors, co-conspirators, management companies, subsidiaries,
2  and/or joint venturers, of the remaining Defendants, and each of them, and were at all
3  times material hereto, acting within the authorized course, scope, and purpose of said
4  agency, employment or relationship, and/or that all said acts were subsequently
5  performed with knowledge, acquiescence, ratification and consent of the respective
6  principals, and the benefits thereof accepted by said principals.
7       11.   At all times mentioned in this complaint, Defendants, and each of them,
8  owned, operated, managed, controlled, supervised, and/or maintained an apartment
9  complex known as Catalina Heights, located at 1104 Calle El Halcon, Camarillo,
10 California 93010. Included within the apartment complex known as Catalina Heights
11 was the apartment in which, at all times relevant to this complaint, Plaintiffs resided,
12 and currently reside, located at 988A Calle La Cumbre, Camarillo, California 93010.
13      12.   This Court has jurisdiction over this action under Article VI, section 10 of
14 the California Constitution and Code of Civil Procedure section 410.10.
15      13.   Venue and jurisdiction are proper in this state and county because at
16 least one Defendant is a Limited Liability Company organized and existing under the
17 laws of the State of California, with its principal domestic place of business in this
18 county. Additionally, all of the named Defendants maintain systematic and continuous
19 business contacts with this state and are licensed to do business in the state of
20 California. The majority of the acts and conduct alleged herein occurred in this state.
21                          FACTUAL BACKGROUND
22      14.   Plaintiffs reallege paragraphs 1 through 13 and incorporate them herein
23 by this reference.
24      15.   At all times mentioned in this complaint, Plaintiffs were residents in, and
25 tenants of, an apartment located at 988A Calle La Cumbre, Camarillo, California 93010,
26 a two-story apartment (hereinafter "the subject apartment").
27 ///

-4-

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES -
PREMISES LIABILITY, GENERAL NEGLIGENCE, NEGLIGENCE PER SE
AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

16. Plaintiffs are informed and believe the subject apartment, including the building and surrounding apartment complex, was owned, operated, managed, controlled, supervised and/or maintained by Defendants.

17. Plaintiffs' residence was pursuant to a rental agreement executed on or about December 26, 2018 by Defendant SAN DIEGO FAMILY HOUSING, L.L.C., as owner, and Plaintiffs ANNEL CHAVIRA and ANTHONY CHAVIRA, as tenants.

18. On or about May 12, 2020, Plaintiff ARIAN JONAH CHAVIRA was on the second-story of the subject apartment when he inadvertently fell out of a bedroom window (the subject window).

19. Plaintiff ARIAN JONAH CHAVIRA fell approximately 15 feet, landing on the concrete below. At the time of the fall, Plaintiff's parents, ANNEL and ANTHONY CHAVIRA were in the kitchen, which is located on the first-floor of the subject apartment directly below the room from which ARIAN JONAH CHAVIRA fell. Plaintiffs ANNEL CHAVIRA and ANTHONY CHAVIRA saw their son as he fell past the kitchen window and land on the concrete below.

20. Plaintiffs ANNEL CHAVIRA and ANTHONY CHAVIRA immediately rushed to the aid of their son and discovered their son was unconscious and was not moving. Paramedics were called and Plaintiff ARIAN JONAH CHAVIRA was emergently transported by ambulance to Los Robles Regional Medical Center.

21. As a result of the fall, Plaintiff ARIAN JONAH CHAVIRA sustained severe, life-threatening injuries, including, but not limited to, a fractured skull, spanning across the top of his head, from the top of his left ear to the top of his right ear; a subarachnoid hemorrhage; a subdural hemorrhage; a hemorrhagic contusion; a traumatic brain injury; acute respiratory failure; and a displaced fracture of the clavicle.

22. Plaintiff ARIAN JONAH CHAVIRA continues to suffer the effects of his injuries and his traumatic brain injury, which include, but are not limited to, neurocognitive deficits, right-sided facial paralysis, slurred speech, inability to grip,

-5-

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES - PREMISES LIABILITY, GENERAL NEGLIGENCE, NEGLIGENCE PER SE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1  problems maintaining balance, mood and behavioral changes, and emotional trauma.
2  It is believed these residual symptoms and effects are permanent.
3  23.    The subject window had a low ceiling height and lacked adequate safety
4  protections, including, but not limited to, fall prevention devices, window locks, etc.
5  24.    Plaintiffs are informed and believe the design of the subject window
6  ignored minimum safety requirements and standards, specifically adopted to protect
7  against accidental window falls, including, but not limited to those requirements and
8  standards proscribed by the California Building Code and other applicable codes and
9  regulations.
10
11                          FIRST CAUSE OF ACTION
12                             PREMISES LIABILITY
13  25.    Plaintiffs reallege paragraphs 1 through 24 and incorporates them herein
14  by this reference.
15  26.    At all times mentioned in this complaint, Defendants, and each of them,
16  as the owners, operators, managers, controllers, supervisors, and/or landlords of the
17  subject apartment, had a nondelegable duty to take reasonable precautions to prevent
18  injury to tenants of the subject apartment due to conditions that were known to, or
19  reasonably should have been discovered by, Defendants. Defendants were bound by
20  this nondelegable duty both before giving possession of the subject apartment to
21  Plaintiff's parents and during the possession.
22  27.    At all times mentioned in this complaint, Defendants, and each of them,
23  had affirmative knowledge of the dangerousness associated with the windows of the
24  subject apartment, including the particular danger to children related to the potential
25  for children to fall from the windows.
26  28.    At all times mentioned in this complaint, Defendants, and each of them,
27  affirmatively knew, or should have known, of the inherently dangerous condition
28  associated with the windows at Plaintiff's apartment complex, including the subject

window.

29. At all times mentioned in this complaint, Defendants, and each of them, had affirmative knowledge that Plaintiff ARIAN JONAH CHAVIRA was living in the subject apartment and was a child, age 3 at the inception of the rental agreement.

30. On information and belief, at all times mentioned in this complaint, Defendants, and each of them, had the ability and the opportunity to protect, repair, remedy, correct, prevent, fix and/or safeguard against the aforementioned dangerous condition associated with the subject window, but failed to do so. Minimum safety precautions and/or adequate safeguards were either not installed and/or available at the time of Plaintiff ARIAN JONAH CHAVIRA's fall, or were entirely ineffective, allowing the subject window to open to its full capacity with minimal effort. The subject window, in an open position, was an inadequately guarded opening with a fall height of approximately 15 feet.

31. At all times mentioned in this complaint, Defendants, and each of them, carelessly and negligently failed to provide minimum safety precautions or adequate safeguards to prevent Plaintiff ARIAN JONAH CHAVIRA and other persons in Plaintiff's position from falling from the windows located on the second floor of the subject apartment, including the subject window. Such safeguards included, but are not limited to, locks, guardrails, and/or other devices designed to prevent windows from opening or to ensure windows could only be opened a safe distance.

32. In the face of affirmative knowledge of the danger associated with the windows at the subject apartment, Defendants, and each of them, failed to provide even minimum safety precautions or safeguards.

33. Defendants' failure to provide minimum safety precautions or safeguards created a substantial fall risk.

34. Defendants could have prevented Plaintiff ARIAN JONAH CHAVIRA's catastrophic, yet foreseeable, injuries and guarded against the well-known danger

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES -
PREMISES LIABILITY, GENERAL NEGLIGENCE, NEGLIGENCE PER SE
AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

associated with the subject window with very basic and inexpensive measures. This is especially true considering the magnitude of potential harm associated with the failure to provide minimum safety precautions or safeguards. Had Defendants provided minimum safety precautions or safeguards, such would have eliminated the risk of a person, like Plaintiff ARIAN JONAH CHAVIRA, falling from the subject window.

35. By engaging in all of the actions alleged herein above, including, but not limited to, failing to provide minimum safety precautions or safeguards, Defendants breached their duty of care owed to all tenants, including Plaintiffs.

36. All of the above described actions and conduct, including, but not limited to, Defendants' affirmative knowledge of the dangerousness associated with the windows of the subject apartment, including the particular danger to children related to the potential for children to fall from the windows; Defendants' affirmative knowledge that Plaintiff ARIAN JONAH CHAVIRA was living in the subject apartment and was a child, age 3, at the inception of the rental agreement; Defendants' ability and opportunity to protect, repair, remedy, correct, prevent, fix, and/or safeguard against the aforementioned dangerous condition associated with the subject window; the ease with which basic and inexpensive measures could have been taken to guard against the very injury Plaintiff sustained; the magnitude of potential harm associated with the above, Defendants' ultimate failure to provide even minimum safety precautions or safeguards, establish Defendants' actions and conduct rise to the level of despicable, which was carried on by Defendants in a willful and conscious disregard for the rights and safety of others, including Plaintiff ARIAN JONAH CHAVIRA, thereby entitling Plaintiffs to an award of punitive damages.

37. As a direct and proximate result of Defendants' conduct, Plaintiff ARIAN JONAH CHAVIRA fell from the subject window, causing him to sustain severe and permanent bodily injuries and other damage, as alleged herein and according to proof

-8-

1  at trial.

2  38. As a direct and proximate result of Defendants' conduct, Plaintiff ARIAN JONAH CHAVIRA has incurred and will incur in the future, expenses for hospitalization, rehabilitation, medical care and treatment, drugs, medicines, assistive devices, assistance with chore services, loss of earning capacity, and other damage, all to Plaintiff's detriment, in an amount according to proof at trial.

7  39. As a direct and proximate result of the Defendants' conduct, Plaintiff ARIAN JONAH CHAVIRA suffered, and still suffers, and will suffer, severe physical and mental pain and suffering, all to Plaintiff's detriment, in an amount according to proof at trial.

## SECOND CAUSE OF ACTION

### GENERAL NEGLIGENCE AND NEGLIGENCE PER SE

40. Plaintiffs reallege paragraphs 1 through 39 and incorporates them herein by this reference.

41. At all times mentioned this complaint, Defendants, and each of them, owed a duty to Plaintiffs to provide a safe and habitable residential environment; to use reasonable care to discover unsafe conditions; and to repair and/or guard against dangerous conditions known to, or which should have been known to, Defendants.

42. Additionally, the dangerous design of the subject window violated applicable laws, building codes, regulations and industry standards. Such violations directly and proximately caused Plaintiffs' injuries, as alleged herein and according to proof at trial.

43. Defendants, and each of them, breached the duties owed to Plaintiffs, as described herein above.

44. As a direct and proximate result of said breach(es), Plaintiffs sustained severe and permanent bodily and emotional injuries, and other damage, as alleged herein and according to proof at trial.

-9-

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES -
PREMISES LIABILITY, GENERAL NEGLIGENCE, NEGLIGENCE PER SE
AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## THIRD CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiffs reallege paragraphs 1 through 44 and incorporates them herein by this reference.

46. As alleged herein above, Defendants, and each of them, were negligent, and such negligence caused serious and permanent injury to Plaintiff ARIAN JONAH CHAVIRA.

47. When the above-described fall occurred, which caused injury to Plaintiff ARIAN JOHAN CHAVIRA, as alleged hereinabove, Plaintiffs ANNEL CHAVIRA and ANTHONY CHAVIRA were present at the scene, witnessed their son's fall as it was occurring, and were immediately and contemporaneously aware the fall was causing, and would cause, severe injury to their son, ARIAN JONAH CHAVIRA.

48. As a direct and proximate result, Plaintiffs ANNEL CHAVIRA and ANTHONY CHAVIRA suffered, and continue to suffer, serious, severe and extreme emotional distress, including, but not limited to, fright, horror, nervousness, grief, anxiety, worry, shock and other suffering, all to Plaintiffs' detriment, as alleged herein and according to proof at trial.

49. As a further direct and proximate result, Plaintiffs ANNEL CHAVIRA and ANTHONY CHAVIRA have incurred and will incur in the future, expenses for medical care and treatment, lost wages, loss of earning capacity, and other damage, all to Plaintiffs' detriment, in an amount according to proof at trial.

WHEREFORE, Plaintiffs request judgment against Defendants as follows:

1. General damages according to proof at trial;
2. Medical and related damages according to proof at trial;
3. Wage loss;
4. Punitive damages;
5. Pre-judgment and post-judgment interest as provided by law

-10-

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES -
PREMISES LIABILITY, GENERAL NEGLIGENCE, NEGLIGENCE PER SE
AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

6. Costs of suit; and

7. Such other and further relief as the court deems just and proper.

Dated: February 4, 2021

Respectfully submitted,

BURNEIKIS LAW

By: _____
MONICA J. BURNEIKIS
Attorneys for Plaintiffs
ARIAN JONAH CHAVIRA, by and through his Guardian ad Litem, ANNEL CHAVIRA, ANNEL CHAVIRA, ANTHONY CHAVIRA

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: February 4, 2021

BURNEIKIS LAW

By: _____
MONICA J. BURNEIKIS
Attorneys for Plaintiffs
ARIAN JONAH CHAVIRA, by and through his Guardian ad Litem, ANNEL CHAVIRA, ANNEL CHAVIRA, ANTHONY CHAVIRA